THORNBURG, Judge.
Respondent TM appeals from an order terminating her parental rights to TB ("the juvenile"). For the reasons stated herein, we affirm the trial court.
Background
The juvenile was born 29 April 2002 to the respondent mother and BB, the father. Pursuant to a report that respondent dropped the juvenile while fighting with BB, the juvenile was placed in the custody of petitioner Lee County Department of Social Services ("DSS") on 15 August 2002. An order adjudicating the juvenile neglected was entered in Lee County District Court on 7 October 2002. On 3 January 2003, the district court entered an order directing DSS to cease reunification efforts with respondent andBB. DSS filed a motion for termination of respondent's parental rights on 18 March 2003.[1] The motion alleged that respondent: 1) neglected the juvenile and that it is probable that there would be a repetition of the neglect; 2) has not provided child support for the minor child since the juvenile has been in DSS custody; and 3) willfully abandoned the juvenile for at least six months immediately preceding the filing of the motion. A hearing was held on this motion on 24 June 2003. Upon consideration of the evidence, the district court found and concluded that the first two grounds alleged were supported by the evidence and terminated respondent's parental rights. Respondent appeals.
Grounds for Termination
Respondent argues on appeal that the trial court erred in finding and concluding that the juvenile was neglected. As an initial consideration, we note that although respondent generally assigned error to the trial court's "finding of fact that [respondent] had neglected the [juvenile] when there were insufficient facts to support the finding," respondent does not, in her brief, argue that any of the trial court's specific findings of fact underlying the finding of neglect were unsupported by the evidence. As respondent has not challenged the trial court's specific findings of fact, they are binding on appeal. In re Padgett, 156 N.C. App 644, 648, 577 S.E.2d 337, 340 (2003). The trial court entered the following finding in regard to neglect:
That the respondent mother has neglected the juvenile within the meaning of N.C. Gen. Stat. 7B-101(15) and it is probable that there would be a repetition of the neglect if the juvenile were returned to the care of the parents in that the parents have not corrected the circumstances that necessitated the juvenile's removal from the mother's care. Respondent parents have a history of abusive behavior when around each other which has led to injury on one occasion to the juvenile. This type of neglect necessitated the juvenile's removal from the mother's care. The respondent mother has not demonstrated that she can provide a stable environment for the juvenile. Although she has obtained a residence, she does not live in the residence. She has trouble maintaining employment and was dismissed from her last job at Family Dollar after working less than 2 weeks. Since the last court session on February 4, 2003, she has missed at least 4 appointments with Lee-Harnett Mental Health. She has not gotten her GED and has failed to comply with other Orders of this Court. Furthermore, the respondent mother denies [knowing] the whereabouts of the father but she and the father were present at the juvenile's ear surgery on March 31, 2003 and the mother admitted in her testimony to giving the father's probation officer information on his whereabouts. She was also involved in an altercation with the father on April 22, 2003.
The issue for our review is whether this finding supports the trial court's conclusion that respondent neglected the juvenile. In re Beasley, 147 N.C. App. 399, 405, 555 S.E.2d 643, 647 (2001).
Under N.C. Gen Stat. § 7B-1111, the court may terminate parental rights upon a finding that the juvenile is a neglected juvenile. N.C. Gen. Stat. § 7B-1111(a)(1)(2003). The juvenile shall be deemed neglected if the court finds the juvenile to be a "neglected juvenile" within the meaning of N.C. Gen. Stat. §7B-101. N.C. Gen. Stat. § 7B-101(15) defines "neglected juvenile" as follows:
A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare . . . .
N.C. Gen. Stat. § 7B-101(15)(2003). Furthermore, "a prior adjudication of neglect may be admitted and considered by the trial court in ruling upon a later petition to terminate parental rights on the ground of neglect." In re Ballard, 311 N.C. 708, 713-14, 319 S.E.2d 227, 231 (1984). However, where evidence of prior neglect is presented, "the trial court must also consider any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect." Id. at 715, 319 S.E.2d at 232.
In the instant case, the trial court's finding of fact clearly indicates that the trial court considered evidence of both past neglect and the probability of the repetition of neglect. Although respondent presented some contrary evidence and urged the trial court to make different inferences from the evidence, the trial court was entitled to find as it did. In re Hughes, 74 N.C. App. 751, 759, 330 S.E.2d 213, 218 (1985) ("The trial judge determines the weight to be given the testimony and the reasonable inferences to be drawn therefrom. If a different inference may be drawn from the evidence, he alone determines which inferences to draw and which to reject."). Accordingly, we conclude that this finding issufficient to support the conclusion that respondent "neglected the juvenile within the meaning of N.C.G.S. 7B-101(15) by failing to provide [the juvenile] with proper care, supervision and discipline and by willfully failing to provide adequate financial support for the juvenile." This assignment of error is overruled.
"A finding of any one of the enumerated termination grounds is sufficient to support the order of the trial court." In re Yocum, 158 N.C. App. 198, 204, 580 S.E.2d 399, 403-04 (2003), aff'd, 37 N.C. 568, 597 S.E.2d 674 (2003). Thus, we need not address whether the trial court's findings support termination on another ground.
Dispositional Phase
Respondent brings forth two assignments of error in reference to the dispositional phase of the termination hearing. Respondent first argues that the trial court erred in not holding a separate hearing at which the best interests of the child could be considered. This argument has already been rejected by this Court: the trial court need only hold the single evidentiary hearing; it is not necessary for the adjudication and dispositional stages to be conducted at separate hearings. In re Carr, 116 N.C. App. 403, 407, 448 S.E.2d 299, 301 (1994).
Secondly, respondent suggests that the trial court may have applied a best interests test in the adjudicatory phase, as well as in the dispositional phase, but does not cite to any portion of the record as support. Moreover, a review of the record does not indicate that the trial court applied an incorrect standard. See In re White, 81 N.C. App. 82, 85, 344 S.E.2d 36, 38 (1986) ("[I]tis presumed, in the absence of some affirmative indication to the contrary, that the judge, having knowledge of the law, is able to consider the evidence in light of the applicable legal standard and to determine whether grounds for termination exist before proceeding to consider evidence relevant only to the dispositional stage."), disc. rev. denied, 318 N.C. 283, 347 S.E.2d 470 (1986). These assignments of error are overruled.
Based upon the foregoing, the order of the trial court terminating respondent's parental rights is affirmed.
Affirmed.
Judges HUDSON and GEER concur.
Report per Rule 30(e).

The motion also requested the termination of BB's parental rights. The district court terminated BB's rights as a result of the hearing discussed in the instant case. However, BB is not a party to this appeal.