HUNTER, Judge.
The mother ("appellant") of the above two juveniles appeals from an order terminating her parental rights on the grounds (1) she neglected the children, and (2) she left the juveniles in foster care or placement outside the home for a period of more than twelve months without showing to the satisfaction of the court the making of reasonable progress under the circumstances to correct the conditions which led to the removal of the juveniles from the home.
The court's findings of fact show that the children, a girl (H.N.T.), born 19 May 1998, and a boy (J.E.A.M.), born 8 March 2002, were removed from appellant's home on 20 April 2002 after theWatauga County Department of Social Services ("DSS") located the juveniles with appellant, who had been consuming alcohol and marijuana. Appellant acknowledged at that time she had a drug abuse problem causing her to be unable to care for her children. On 22 April 2002, appellant signed a case plan in which she agreed to obtain a substance abuse assessment and comply with all treatment recommendations, attend "love and logic" classes, submit to drug screens, work with PACT services, and maintain contact with a social worker at least twice per month. As of the filing of the petition to terminate rights on 3 June 2003, appellant never obtained a substance abuse assessment or completed treatment; she failed drug screens on 22 April 2002, 25 April 2002, 7 May 2002, 8 November 2002, 19 December 2002 (alcohol), and 14 January 2003; she never attended love and logic classes, never participated in the PACT services, and never maintained twice monthly contact with the social worker. She visited with the juveniles only once, on 20 February 2003. Other visits were scheduled but not executed because the appellant failed pre-visit drug screens.
From June 2002 until 7 November 2002 appellant was incarcerated, and the day following her release from jail, she tested positive for barbituates, cocaine, and THC. She was incarcerated again from 8 December through 17 December 2002 and again on 31 December 2002. She entered the Department of Correction in March 2003. She remained incarcerated at the time of the termination hearing on 13 January 2004. By her first assignment of error, appellant contends the court erred in terminating her parental rights for neglect "when there is insufficient evidence of neglect at the time of the termination hearing."
To terminate one's parental rights, a court must find the existence of a single statutory ground. In re Pierce, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984). In reviewing an order terminating a parent's rights, the appellate court must determine whether the court's findings of fact are supported by clear, cogent, and convincing evidence and whether these findings support the court's conclusions of law. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), appeal dismissed and disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001). Clear, cogent, and convincing evidence is a greater standard of proof than the preponderance of the evidence standard in civil cases but less rigorous than the requirement of proof beyond a reasonable doubt in criminal cases. In re Montgomery, 311 N.C. 101, 109-10, 316 S.E.2d 246, 252 (1984).
One of the grounds listed in N.C. Gen. Stat. § 7B-1111 is that the parent has abused or neglected the juvenile. N.C. Gen. Stat. § 7B-1111(a)(1) (2003). "The juvenile shall be deemed to be abused or neglected if the court finds the juvenile to be an abused juvenile within the meaning of G.S. 7B-101 or a neglected juvenile within the meaning of G.S. 7B-101." Id. A neglected juvenile is defined as one
who does not receive proper care, supervision, or discipline from the juvenile's parent. . . ; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.
N.C. Gen. Stat. § 7B-101(15) (2003).
To terminate rights on the ground of neglect, the court must find evidence of neglect at the time of the termination proceeding and must not rely solely upon a prior adjudication of neglect. In re Ballard, 311 N.C. 708, 716, 319 S.E.2d 227, 232 (1984). As evidence of neglect, the court may consider "a parent's complete failure to provide the personal contact, love, and affection that inheres in the parental relationship." In re Apa, 59 N.C. App. 322, 324, 296 S.E.2d 811, 813 (1982). Further evidence may include a history of domestic violence, inappropriately leaving a child in the care of others, consumption of illegal controlled substances in the presence of the child, repeated criminal activity, and repeated incarcerations. In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 909 (2001).
We find in the record clear, cogent, and convincing evidence to support the court's findings and conclusion that the children were neglected at the time of the termination hearing. Prior to the removal from her home, appellant consumed controlled substances and alcohol in the presence of the juveniles, one of whom was less than two months old at the time. She was repeatedly incarcerated and at the time of the termination hearing was serving an activated sentence imposed on fourteen counts of forgery and one count each of breaking and entering, larceny, and obtaining property by falsepretenses. One day after her release from five months of incarceration, appellant consumed multiple controlled substances, despite having knowledge that continued drug abuse could lead to permanent removal of her children from her home. During her incarcerations, she had written letters avowing her desire to "do the right thing and get better" and to place her children as her "first priority" so the children could be returned to her home. She made similar declarations at a hearing in September 2002. However, only once could she abstain from using drugs so she could keep scheduled visitations with the children. After entering the Department of Correction, she failed to complete two drug rehabilitation programs.
Appellant's remaining contention is that the court erred in concluding that she had not made reasonable progress in correcting the conditions that led to the removal of the children from her custody. Because the finding and conclusion regarding neglect is affirmed, we do not need to consider this ground. In re Yocum, 158 N.C. App. 198, 204, 580 S.E.2d 399, 403 (2003).
The court's orders are
Affirmed.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).