ELMORE, Judge.
Respondent mother, Tania Valentin (respondent), appeals the judgment of the district court terminating her parental rights to three of her four children. After a careful review of the record we affirm the order terminating respondent's parental rights.
Respondent is the mother of four children by two separate men. Two of her sons, M.I.V. (Mike) and D.C.B. III (Dan), and a daughter, J.T.B. (Jen), are the subject of this action. On 11 June 2001, Mike, Dan, and Jen were removed from the care of respondent and placed into foster care. Judge Michael R. Morgan's order finding that the children were neglected and dependant gave respondent a listing of directives she should comply with if she sought reunification with her children. She was able to show enough progress toward meeting these directives that Mike was returned to the home in September 2002. However, it is undisputed that respondent did not, and still has not, met all the directives outlined in the order. Less than a month later, petitioner Wake County Health and Human Services received a complaint that Mike was being improperly supervised and upon investigation determined that he had marks on his head and neck consistent with choking.
Accordingly, Wake County Health and Human Services petitioned the district court to terminate respondent's parental rights. The district court found evidence to support three grounds for termination and subsequently determined that termination was in the best interests of the children.[1] As such, respondent's rights were terminated via the court's 31 July 2003 judgment. Respondent appeals the decision of the court on the basis that clear, cogent, and convincing evidence was not offered to support termination and argues that termination of parental rights was contrary to the children's best interest. We disagree.
A proceeding for termination of parental rights is conducted in two phases. During the adjudication phase, the petitioner must prove by clear, cogent, and convincing evidence that one or more of the statutory grounds for termination exists. N.C. Gen. Stat. § 7B-1109 (2003). The standard of appellate review is whether the evidence supports the court's findings and the findings, in turn, support the conclusions of law. In re Yocum, 158 N.C. App. 198, 203, 580 S.E.2d 399, 403, aff'd per curiam, 357 N.C. 568, 597 S.E.2d 674 (2003); In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001).
If the petitioner proves that one or more grounds for termination exist, the trial court moves to the disposition phase. At this time, the trial court determines whether termination is in the best interests of the child. N.C. Gen. Stat. § 7B-1110 (2003); In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). The standard of review on appeal is abuse of discretion. In re Yocum, 158 N.C. App. at 206, 580 S.E.2d at 403; In re Brim, 139 N.C. App. 733, 744, 535 S.E.2d 367, 373-74 (2000).
When reviewing the record on appeal, a trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if there was conflicting evidence before the court. In re Williamson, 91 N.C. App. 668, 674, 373 S.E.2d 317, 320 (1988). Additionally, findings of fact which were not assigned as error in the record on appeal are conclusive on appeal. Dreyer v. Smith, 163 N.C. App. 155, 156-57, 592 S.E.2d 594, 595 (2004). Therefore, in this case, with some findings of fact binding on our review, we will determine if clear and convincing evidence exists to support those findings that are disputed and then determine if those findings support at least one ground for termination of parental rights.
The order found that respondent had neglected her children and also determined that if the children were returned to the home they would be subject to repetition of neglect. Based on the evidence presented at trial, those determinations made at prior proceedings, and the likelihood of future neglect, we agree with petitioner that clear and convincing evidence of neglect at the time of the proceeding and the probability of such in the future was presented. See In re Ballard, 311 N.C. 708, 715, 319 S.E.2d 227, 232 (1984) (When determining neglect, "[t]he trial court must also consider any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect.")(citations omitted); N.C. Gen. Stat. §§ 7B-1111(a)(1) and 7B-101(15) (2003).
The evidence and findings supporting respondent's inability to parent her children, properly care for them, and properly care for herself are extensive and most are not challenged on appeal. Through multiple witnesses' testimony including social workers on respondent's case, it is clear that respondent spanked, yelled, cursed, slapped, threatened, and disregarded her children on a consistent basis. The screaming and yelling was described as loud enough to shake the walls and delivered right in their face. Social workers testified that the supervised visits following petitioner's award of custody were nightmare visits. Following the return of Mike to respondent's home, she admitted having a party at the house involving alcohol, but denied Mike's presence in the home. She did, however, admit that she did not know the last name of the baby-sitter she left Mike with for the evening. Respondent also admitted spanking Mike, which was in violation of the return agreement.
Leading up to the second removal of Mike from respondent's home was the social worker's discovery of several marks on his neck and head consistent with choking. Although the trial court heard extensive testimony on the marks, including the fact that similar marks were noticed days earlier by a school official, the testimony on what caused the marks was inconsistent. The court determined that although the source of the bruises and marks could not be identified, their existence demonstrated the mother's inability to keep her child safe. It is true, as respondent points out, that the mere existence of marks is not evidence of neglect, but in this case there were copious other findings that supported a concern for the child's safety.
The trial court also heard evidence that despite making strides in therapy, respondent failed to follow instructions, missed meetings, and was quick to revert to improper aggressive styles of parenting when challenged. Respondent's psychological review noted that she was ill prepared for parenting and that without extensive therapy she would likely not change her current abusive ways. The report also noted that her interpersonal difficulties would likely keep her from maintaining any stable employment.
That respondent was unable to hold a consistent job was unchallenged in the record. Also unchallenged is the fact that she had tested positive for marijuana while pregnant; could not turn positive gains in therapy into positive parenting at home; demonstrated her frustration at extensive counseling; and could not demonstrate an ability to maintain any budget without State assistance.
We determine that the record is replete with clear and convincing evidence supporting each of the trial court's findings. We also agree that evidence and findings support the conclusion that Mike, Dan, and Jen were neglected and if returned faced the probability of neglect in the future. Since it is only necessary that petitioner prove one ground for termination, we will not address the evidence supporting the other two grounds. Thus, we review next whether the trial court abused its discretion in finding that it was in the best interests of the children to terminate respondent's parental rights.
Unchallenged on appeal are the court's findings that the children appear happy and are doing well in foster care. In denying a petition for termination of respondent's parental rights regarding her fourth child, the court found that he appeared clean, healthy, and happy with his mother. Yet, also unchallenged, is the finding that the other children did not look forward to visits with their mother and expressed fear of her. Based on all the unchallenged findings, and also looking at the evidence supporting the other findings, we do not believe the trial court abused its discretion in determining that the best interests of the children could only be met by severing the relationship between their parents and terminating their parental rights.
As such, we affirm the judgment of the trial court terminating respondent's parental rights to Mike, Dan, and Jen. We do not address respondent's other assignments of error because they are without merit.
Affirmed.
Judges McGEE and McCULLOUGH concur.
Report per Rule 30(e).

The order terminating respondent's parental rights also terminated the two biological fathers' rights to each of their respective children. The findings and conclusions that relate to the termination of the two fathers were consistent with N.C. Gen. Stat. § 7B-1111(a)(5) and (7) and were not appealed.