643 S.E.2d 77 (2007)
In re D.R.B.
Sheila E. Bolick and Allen R. Bolick, Petitioners,
v.
Douglas Scott Brizendine, Respondent.
No. COA06-1540.
Court of Appeals of North Carolina.
April 17, 2007.
Patricia L. Riddick, Mooresville, for petitioners-appellees.
Winifred H. Dillon, Garner, for respondent-appellant.
TYSON, Judge.
Douglas Scott Brizendine ("respondent") appeals from order entered terminating his parental rights to his minor biological child, D.R.B. We vacate and remand.

I. Background
Respondent is the biological father of D.R.B. Allen and Sheila Bolick ("petitioners") are D.R.B.'s maternal grandfather and step-grandmother. D.R.B. resided with his mother until he was ten weeks old. Respondent lived with D.R.B. and his mother for seven of those ten weeks.
D.R.B.'s mother left D.R.B. in petitioners' care when D.R.B. was ten weeks old. D.R.B. has resided with petitioners since that date. The parental rights of D.R.B.'s mother have been terminated.
On 7 December 2004, respondent was convicted of robbery and is currently serving a thirty year sentence. Respondent is currently incarcerated at the Everglades Correctional Facility in Miami, Florida.
On 25 July 2005, petitioners filed a petition to terminate respondent's parental rights. The petition alleged the following grounds existed to terminate: (1) respondent had visited D.R.B. only one time, on 29 July 2003, since D.R.B.'s birth; (2) respondent has had no contact with D.R.B. for a period of more *79 than one year; and (3) respondent has not provided financial support for D.R.B. since D.R.B.'s birth. On 16 August 2006, the trial court conducted hearings on petitioners' petition and ordered respondent's parental rights be terminated. Respondent appeals.

II. Issue
Respondent argues the trial court's finding of fact numbered 19 and conclusion of law numbered 21 are insufficient because they do not state a legal basis for terminating his parental rights.

III. Standard of Review
A proceeding to terminate parental rights is a two step process with an adjudicatory stage and a dispositional stage. A different standard of review applies to each stage. In the adjudicatory stage, the burden is on the petitioner to prove by clear, cogent, and convincing evidence that one of the grounds for termination of parental rights set forth in N.C. Gen.Stat. § 7B-1111(a) exists. The standard for appellate review is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether those findings of fact support its conclusions of law. Clear, cogent, and convincing describes an evidentiary standard stricter than a preponderance of the evidence, but less stringent than proof beyond a reasonable doubt.
If the petitioner meets its burden of proving at least one ground for termination of parental rights exists under N.C. Gen.Stat. § 7B-1111(a), the court proceeds to the dispositional phase and determines whether termination of parental rights is in the best interests of the child. The standard of review of the dispositional stage is whether the trial court abused its discretion in terminating parental rights.
In re C.C., J.C., 173 N.C.App. 375, 380-81, 618 S.E.2d 813, 817 (2005) (internal quotations and citations omitted).

IV. Analysis
In order to terminate a respondent's parental rights, the trial court must "adjudicate the existence" of one or more of the statutory grounds for termination set forth in N.C. Gen.Stat. § 7B-1111(a). N.C. Gen.Stat. § 7B-1109(e) and (f) (2005). The court must support its adjudication by findings of fact based upon clear, cogent, and convincing evidence. Id. Our task in reviewing a termination order is to determine whether the "findings of fact are based upon clear, cogent, and convincing evidence and whether the findings support the conclusions of law." In re Huff, 140 N.C.App. 288, 291, 536 S.E.2d 838, 840 (2000) (internal quotation omitted), appeal dismissed and disc. rev. denied, 353 N.C. 374, 547 S.E.2d 9 (2001).
For this Court to exercise its appellate function, the trial court must enter sufficient findings of fact and conclusions of law to reveal the reasoning which led to the court's ultimate decision.
Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each . . . link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.
Coble v. Coble, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980); see N.C.R. Civ. P. 52(a)(1) (2005) ("In all actions tried upon the facts without a jury . . . the court shall find the facts specifically and state separately its conclusions of law thereon. . . ."); Quick v. Quick, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982) (Noting that findings of fact must be "sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment.").
A court may terminate parental rights upon a finding of one or more grounds under N.C. Gen.Stat. § 7B-1111 to exist. The order does not identify any statutory grounds for termination under N.C. Gen.Stat. § 7B-1111(a), and concludes "[t]hat grounds exist for which Respondent's parental rights to the minor child, D.R.B., should be terminated[.]" The trial court supported its conclusion with the following findings of fact:

*80 2. Respondent is currently incarcerated at the Everglades Correctional Facility in Miami, Florida.
. . . .
4. Respondent is the biological father of the minor child, D.R.B., born . . . in Mecklenburg County, North Carolina. The minor child is [approximately three and one-half years old].
5. The minor child lived with his biological mother for the first ten (10) weeks of his life and the Respondent lived with the biological mother and the minor child for seven (7) of those ten weeks.
. . . .
7. Respondent was convicted of Robbery on December 7, 2004, and is serving a thirty (30) year sentence. Respondent has been in the custody of the Florida Department of Corrections since October 31, 2003. Respondent's expected release date is October 22, 2033. Respondent's first appeal was denied and there are currently no additional appeals pending, however, Respondent testified that he is planning to file other appeals.
8. . . . [A]ny estimation of the likelihood of Respondent's success in his appeal or release before his sentence is over is [sic] speculative.
9. Respondent currently has no income or assets other than the money he receives from his parents. Respondent has never paid child support for the minor child but the Respondent's parents have provided support for the minor child.
10. Respondent has not had any significant contact with the minor child after the minor child was ten (10) weeks old. The Petitioners contend that the Respondent saw the minor child at least once, on July 29, 2003, for purposes of paternity testing.
11. The court finds that there is no significant contact between the time the minor child was ten (10) weeks old to the filing of the Petition or from the filing of the petition to the present time.
. . . .
14. . . . [T]here is a temporary and a permanent custody order regarding the biological mother, but said order is not binding on Respondent.
. . . .
18. The minor child has been waiting for over three (3) years for his parents to come forward and care for him and as of the date of this hearing, they have not. Whether the Respondent will ever be able to do so, is speculative.
The trial court failed to identify which or any of the nine grounds for termination in N.C. Gen.Stat. § 7B-1111(a) to support its conclusion of law. Without an identified basis for the court's adjudication under N.C. Gen.Stat. § 7B-1109(e), we cannot effectively review the termination order. This Court does not conduct an independent examination of each possible ground for termination to determine if the facts proven might establish a ground. See Viar v. N.C. Dep't of Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) ("[i]t is not the role of the appellate courts . . . to create an appeal. . . . ")
Petitioners' brief posits two potential grounds to support the termination order. First, they cite N.C. Gen.Stat. § 7B-1111(a)(4) (failure to provide support), but concede that the court's findings of fact do not support this ground. Finding of fact numbered 9 states, "the Respondent's parents have provided support for the minor child."
Next, petitioners cite N.C. Gen.Stat. § 7B-1111(a)(7) (willful abandonment). Without addressing whether the evidence would have supported these or any other grounds for termination, no findings of fact were made on the issue of respondent's willfulness, a required element of both N.C. Gen.Stat. § 7B-1111(a)(4) and (7). In re Matherly, 149 N.C.App. 452, 455, 562 S.E.2d 15, 18 (2002) ("[T]here must be a proper application of the words `willfully' in grounds (2) and (3).").
The trial court's findings do not establish grounds for termination. Its failure to articulate those grounds is not harmless. In re Bluebird, 105 N.C.App. 42, 51, 411 S.E.2d 820, 825 (1992); In re Pope, 144 N.C.App. 32, 38 n. 4, 547 S.E.2d 153, 157 n. 4, aff'd, 354 N.C. 359, 554 S.E.2d 644 (2001).
*81 Where a respondent has been and continues to be incarcerated, our courts have prohibited termination of parental rights solely on that factor. Compare In re Shermer, 156 N.C.App. 281, 290-91, 576 S.E.2d 403, 409-10 (2003) (Willfulness not shown under N.C. Gen.Stat. § 7B-1111(a)(2) where the respondent was incarcerated but wrote letters and informed DSS that he did not want his parental rights terminated.); In re Clark, 151 N.C.App. 286, 565 S.E.2d 245 (Termination of parental rights reversed where the father was incarcerated and evidence was insufficient to find that he was unable to care for his child.), disc. rev. denied, 356 N.C. 302, 570 S.E.2d 501 (2002); In re Yocum, 158 N.C.App. 198, 204, 580 S.E.2d 399, 403 (The respondent was incarcerated but also did nothing to emotionally or financially support and benefit his children.), aff'd, 357 N.C. 568, 597 S.E.2d 674 (2003); In re Williams, 149 N.C.App. 951, 563 S.E.2d 202 (2002) (The father's parental rights were terminated because he was incarcerated and he failed to show filial affection for his child.).
The order appealed from does not indicate the evidentiary standard under which the court made its adjudicatory findings of fact, as required by N.C. Gen.Stat. § 7B-1109(f). In re Church, 136 N.C.App. 654, 657, 525 S.E.2d 478, 480 (2000). The trial court must affirmatively state in its order that its findings of fact at the adjudicatory stage of the termination proceedings are based upon clear, cogent, and convincing evidence. Id.
We vacate the termination order and remand for entry of a proper order containing the necessary findings of fact supported by evidence meeting petitioners' burden of proof which in turn support the trial court's conclusions of law. The trial court may receive additional evidence on remand. See Heath v. Heath, 132 N.C.App. 36, 38, 509 S.E.2d 804, 805 (1999). In light of our decision, we decline to address respondent's remaining assignments of error.

V. Conclusion
The trial court failed to enter adequate findings of fact and conclusions of law to demonstrate the grounds for termination. We vacate the trial court's order and remand.
Vacated and Remanded.
Judges HUNTER and MCCULLOUGH concur.