IN THE MATTER OF: N.B.B. & J.R.B.
No. COA08-1232
Court of Appeals of North Carolina
Filed April 21, 2009
This case not for publication
Crystal L. Graham for petitioner-appellee.
Lisa Skinner Lefler for respondent-appellant.
ELMORE, Judge.
Respondent father appeals from orders terminating his parental rights to juveniles N.B.B. and J.R.B. Petitioner is the biological mother of J.R.B. and the former stepmother of N.B.B. Respondent contends that the trial court lacked subject matter jurisdiction to enter the orders, and that the trial court's findings of fact and conclusions of law were inadequate to support its order terminating respondent's parental rights. We vacate the orders terminating respondent's parental rights and remand for additional findings of fact and conclusions of law.
The juveniles lived with both petitioner and respondent until July 2003, when respondent was convicted of first-degree sex offense with a child and incarcerated. The offense did not involve N.B.B. or J.R.B. When respondent was imprisoned, N.B.B. was placed in the care of his biological mother. J.R.B. was about six weeks old at the time, and N.B.B. continued to visit petitioner and J.R.B. every other weekend. N.B.B. lived with his biological mother until 19 August 2004, when the district court entered a consent order granting custody of both juveniles to petitioner. Since August 2004, petitioner has been primarily responsible for the financial and physical care of both juveniles. The juveniles last saw respondent in March 2006. Petitioner and respondent divorced in May 2006.
On 14 August 2007, petitioner filed petitions to terminate respondent's parental rights so that her new husband could adopt the juveniles. The petitions allege five grounds for terminating respondent's parental rights:
a. That the Respondent has not made any attempt to see or communicate with the minor child for at least a year prior to filing this action, and the Respondent has known how to contact the Petitioner at all times.
b. That the Respondent has failed to support or care for the minor child, although physically able to do so, and that [at] all relevant times, Respondent has had the ability to maintain communication with the minor child and to pay child support.
c. The mother has been awarded custody of the juvenile by judicial decree. Respondent has for a period of one year or more next preceding the filing of the petition willfully failed without justification to pay for the care, support and education of the juvenile.
d. That the Respondent is incapable of providing for the proper care and supervision of the juvenile such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future as a result of substance abuse and incarceration.
e. That the Respondent has willfully abandoned the minor child for more than six (6) months preceding the filing of this action.
On 22 May 2008, the trial court conducted a termination hearing, during which petitioner testified that respondent did not contact or support the juveniles. N.B.B. testified that he could only remember living with petitioner, and that he called her "Mom." N.B.B. also called petitioner's current husband "Dad" and wanted to be adopted by him.
Respondent testified that he sent letters to juveniles after he was incarcerated, but suspected that petitioner did not allow them to see the letters. Respondent worked while in prison, but acknowledged that he did not send any money to petitioner to support the juveniles.
On 23 June 2008, the trial court entered orders terminating respondent's parental rights to both juveniles. As to both juveniles, the trial court concluded as a matter of law that "there exist grounds to terminate [respondent's] parental rights and [his] rights should be terminated and that it is in the child's best interest that [respondent's] parental rights should be terminated." Respondent appeals. First, respondent contends that the trial court lacked subject matter jurisdiction because petitioner failed to name the juveniles as respondents or to serve them with the summonses. We disagree.
Our Supreme Court recently addressed this issue in In re J.T., ___ N.C. ___, ___ S.E.2d ___ (2009). In J.T., as in this case, the petitioner issued summonses that identified the respondent parent, but did not name the juveniles as respondents. Id. at ___, ___ S.E.2d at ___. Our Supreme Court held that failure to name the juveniles as respondents did not deprive the trial court of subject matter jurisdiction to terminate parental rights, and that failure to serve the juveniles was a matter of personal  not subject matter  jurisdiction. Id. at ___, ___ S.E.2d at ___. Accordingly, petitioner's failure to identify the juveniles as respondents in the summonses did not deprive the trial court of subject matter jurisdiction. In addition, the presence of the juveniles' attorney advocate at the termination hearing waived any objection on behalf of the juveniles to the trial court's personal jurisdiction. See In re D.B., 186 N.C. App. 556, 558, 652 S.E.2d 56, 58 (2007) ("[P]ersonal jurisdiction . . . can be obtained by a party's appearance and participation in the legal proceeding without raising an objection to lack of service.") (citation and internal quotation marks omitted), aff'd per curiam, 362 N.C. 345, 661 S.E.2d 734 (2008). This assignment of error is without merit.
Respondent next contends that the trial court lacked subject matter jurisdiction because the petitions failed to allege facts sufficient to establish petitioner's standing to file the petitions, and because petitioner did not attach a copy of a prior custody order to the petition. We disagree.
"Standing is jurisdictional in nature and `[c]onsequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of [the] case are judicially resolved.'" In re T.M., ___ N.C. App. ___, ___, 643 S.E.2d 471, 474 (2008) (quoting In re Miller, 162 N.C. App. 355, 357, 590 S.E.2d 864, 865 (2004)). In order to confer jurisdiction on the trial court, a juvenile petition must state "[t]he name and address of the petitioner or movant and facts sufficient to identify the petitioner or movant as one authorized by [N.C. Gen. Stat. § 7B-1103 to file a petition or motion." N.C. Gen. Stat. § 7B-1104(2) (2007).
N.C. Gen. Stat. § 7B-1103 provides, in relevant part:
(a) A petition or motion to terminate the parental rights of either or both parents to his, her, or their minor juvenile may only be filed by one or more of the following:
(1) Either parent seeking termination of the right of the other parent.
* * *
(5) Any person with whom the juvenile has resided for a continuous period of two years or more next preceding the filing of the petition or motion.
N.C. Gen. Stat. § 7B-1103 (2007).
Here, the petitions allege sufficient facts to demonstrate petitioner's standing. As to J.R.B., the verified petition alleges that petitioner is J.R.B.'s biological mother, a fact confirmed by the birth certificate attached to the petition. As to N.B.B., the verified petition alleges that N.B.B. resides with petitioner and that juvenile was placed in her home by the Robeson County Department of Social Services. Although petitioner did not attach the custody order to her petition, a copy of a 19 August 2004 consent order granting custody of N.B.B. to petitioner, signed by respondent, is included in the record on appeal. The trial court took judicial notice of the prior orders in the file, and respondent's testimony makes it clear that he was aware that juveniles lived with respondent. Accordingly, we conclude the petitions are sufficient to establish petitioner's standing according to N.C. Gen. Stat. § 7B-1103, and that any deficiency for failure to attach the custody order as to N.B.B. did not prejudice respondent. See In re W.L.M., 181 N.C. App. 518, 640 S.E.2d 439 (2007).
Respondent next contends that the petitions are insufficient to confer subject matter jurisdiction because petitioner failed to allege facts sufficient to warrant a determination that at least one ground for terminating respondent's parental rights existed. We disagree.
A petition to terminate parental rights must allege "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." N.C. Gen. Stat. § 7B-1104(6) (2007). "Factual allegations must be sufficient to put a respondent on notice regarding the acts, omissions, or conditions at issue in the petition." In re Humphrey, 156 N.C. App. 533, 539, 577 S.E.2d 421, 426 (2003).
Here, three of the allegations in the petitions mirror the wording of N.C. Gen. Stat. § 7B-1104(4), (6), and (7), providing respondent with sufficient notice of the acts or omissions at issue. See In re A.H., ___ N.C. App. ___, 644 S.E.2d 635 (2007). The remainder of the allegations include the following: (1) respondent made no attempt to communicate with juveniles for at least one year prior to the filing of the petition and (2) respondent failed to provide support for juveniles despite being physically able to do so. Those allegations provide respondent with sufficient notice that petitioner alleged neglect. See In re L.O.K., 174 N.C. App. 426, 436, 621 S.E.2d 236, 242 (2005). Accordingly, we overrule this assignment of error.
Finally, we address respondent's contentions that the trial court's order must be vacated because it fails to specify the grounds on which termination is based. We agree.
In order to terminate a respondent's parental rights, the trial court must "adjudicate the existence" of one or more of the statutory grounds for termination set forth in N.C. Gen. Stat. § 7B-1111(a). N.C. Gen. Stat. § 7B-1109(e) and (f) (2007). The trial court must support its adjudication by findings of fact based upon clear, cogent, and convincing evidence. Id. Our task in reviewing a termination order is to determine whether the "findings of fact are based upon clear, cogent and convincing evidence and whether the findings support the conclusions of law." In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000) (internal quotation omitted). "For this Court to exercise its appellate function, the trial court must enter sufficient findings of fact and conclusions of law to reveal the reasoning which led to the court's ultimate decision." In re D.R.B., 182 N.C. App. 733, 736, 643 S.E.2d 77, 79 (2007).
In this case, the trial court's orders terminating respondent's parental rights do not specify which grounds it found under N.C. Gen. Stat. § 7B-1111(a) to support its termination decision. In fact, the trial court's findings of fact conflate elements of the statutory grounds. For example, as to each juvenile, the trial court found that respondent:
[F]or a continuous period of six (6) months next preceding the filing of this petition has willfully failed to pay any portion of the cost of the care of the minor child, . . . during which time the child has been in the custody of Petitioner. The Petitioner has not received any support from Respondent since May, 2004, although the Respondent has been physically able to do so at all relevant times. That the respondent has thus willfully failed without justification to pay for the care, support and education of the minor child.
Without citing to either, the trial court's findings appear to be a patchwork of N.C. Gen. Stat. § 7B-1111(a)(3), which addresses failure to provide support for six months when the juvenile is in the custody of a department of social services or foster care, and N.C. Gen. Stat. § 7B-1111(a)(4), which addresses failure to provide support for one year while the juvenile is in the custody of the parent who filed the termination petition. Because of confusion inherent in the findings' terms, the trial court failed to adequately invoke either ground for termination in its order.
The trial court's other findings are similarly troubled. Petitioner contends that the trial court properly concluded willful abandonment, pursuant to N.C. Gen. Stat. § 7B-1111(a)(7), was a ground for termination. The trial court, however, never uses the term "willful abandonment" in any of its findings or conclusions, nor does it cite to N.C. Gen. Stat. § 7B-1111(a)(7). At best, the trial court makes some findings that could be cobbled together into a conclusion of willful abandonment. "Without an identified basis for the court's adjudication under N.C. Gen. Stat. § 7B-1109(e), we cannot effectively review the termination order." D.R.B., 182 N.C. App. at 737-38, 643 S.E.2d at 80. We decline to engage in such speculation. Therefore, we vacate the orders terminating respondent's parental rights and remand for entry of a proper order containing the necessary findings of fact. The trial court may receive additional evidence on remand. See Heath v. Heath, 132 N.C. App. 36, 38, 509 S.E.2d 804, 805 (1999). In light of our holding, we decline to address respondent's remaining assignment of error.
Vacated and remanded for additional findings of fact and conclusions of law.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).