An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1027
NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

IN THE MATTER OF:

   H.L.M., T.D.M.                Caldwell County
                                        Nos. 12 JT 146-47

Appeal by respondent mother from orders entered 26 June 2013 by Judge Mark L. Killian in Caldwell County District Court. Heard in the Court of Appeals 24 March 2014.

   *No brief filed for petitioner-appellee father.*

   *Robert W. Ewing for respondent-appellant mother.*

   HUNTER, JR., Robert N., Judge.

Respondent mother appeals from the orders entered in this private proceeding terminating her parental rights to two children. On appeal, Respondent contends the trial court made insufficient findings of fact to support both the grounds for termination and the conclusion that termination of her rights was in the juveniles' best interests. We vacate the termination order and remand the matter.

Petitioner father and respondent are the biological parents of the juveniles, who were born in 2001 and 2005. On 19 December 2011, the parties reached a consent agreement regarding custody of the juveniles. The consent order provided that petitioner would have primary custody of the juveniles, that neither party would be required to pay child support, and that respondent would have visitation with the juveniles, subject to mutually agreeable conditions.

On 3 October 2012, petitioner filed petitions to terminate respondent's parental rights alleging she had willfully abandoned and failed to support the juveniles. The matter came on for hearing on 1 May 2013 in Caldwell County District Court's juvenile division. On 26 June 2013, the trial court entered orders terminating respondent's parental rights to both juveniles. After making findings of fact, the trial court concluded that grounds existed to support termination and that it was in the best interests of the juveniles to terminate respondent's parental rights. Respondent gave timely notice of appeal in writing on 25 July 2013.

Respondent's first two arguments on appeal are that the trial court's findings of fact do not support its conclusions

that grounds existed to terminate her parental rights. We agree.

At the adjudicatory stage of a termination of parental rights hearing, the burden is on the petitioner to prove by clear, cogent, and convincing evidence that at least one ground for termination exists. N.C. Gen. Stat. § 7B-1109(f) (2013); *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). Review in the appellate courts is limited to determining whether clear and convincing evidence exists to support the findings of fact, and whether the findings of fact support the conclusions of law. *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), *appeal dismissed*, *disc. review denied*, 353 N.C. 374, 547 S.E.2d 9 (2001).

"For this Court to exercise its appellate function, the trial court must enter sufficient findings of fact and conclusions of law to reveal the reasoning which led to the court's ultimate decision." *In re D.R.B.*, 182 N.C. App. 733, 736, 643 S.E.2d 77, 79 (2007). "When a trial court is required to make findings of fact, it must make the findings of fact specially." *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003) (citing N.C. Gen. Stat. § 1A-1, 52(a)(1) (2001)). A termination order that omits findings of fact

necessary to support the grounds for termination must be reversed. *See In re C.N.C.B.*, 197 N.C. App. 553, 558, 678 S.E.2d 240, 243 (2009).

In this case, the trial court's findings of fact do not adequately support the grounds for termination. The grounds for termination are identified in one vague finding of fact in each order:

> 5. The Respondent, the mother of the minor child, is not a fit and proper person to have custody of the minor child involved herein and that the mother's parental rights in and to the said minor child should be terminated on the grounds that:
>
> The mother has willfully abandoned the child for at least six consecutive months immediately [sic] filing of the petition. [Respondent], the child's mother, has not seen the child or provided support for the minor child for the last six (6) months.

The trial court's orders sufficiently recite the statutory grounds for terminating parental rights enumerated in N.C. Gen. Stat. § 7B-1111(a)(7) (2013). *See In re L.M.T.*, ___ N.C. ___, ___, 752 S.E.2d 453, 455 (2013) ("The trial court's written findings must address the statute's concerns, but need not quote its exact language."). However, we hold that the trial court's findings of fact do not shed light on the reasoning supporting either ground. In fact, the trial court's orders are devoid of

any findings describing respondent's specific actions or omissions that support its conclusion that respondent willfully abandoned the juveniles or failed to provide adequate support for the children. Instead, the trial court made only a few findings describing the history of the case, and then set forth its ultimate findings related to the grounds for termination. These findings are insufficient to permit appellate review of the termination orders. Accordingly, we vacate the termination orders and remand the matter so that the trial court may, if supported by sufficient evidence, enter new adjudication and disposition orders containing sufficient findings of fact.

Because we vacate the adjudication of both grounds supporting termination and remand the matter, we need not address respondent's argument pertaining to disposition. However, we note that the trial court is required to make findings addressing the relevant factors set out in N.C. Gen. Stat. § 7B-1110(a) (2013).

VACATED and REMANDED.

Judges ERVIN and DAVIS concur.

Report per Rule 30(e).