An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-153

Filed: 1 September 2015

Burke County, No. 14 JT 18

IN THE MATTER OF: M.J.C.J.

Appeal by respondent from order entered 26 November 2014 by Judge J. Gary Dellinger in Burke County District Court. Heard in the Court of Appeals 17 August 2015.

*No brief for petitioner-appellee mother.*

*Miller & Audino, LLP, by Jeffrey L. Miller for respondent-appellant father.*

TYSON, Judge.

Joshua Allen Jubin ("Respondent") appeals from an order terminating his parental rights to his child, M.J.C.J. We reverse the trial court's order.

I. Background

Petitioner Lindsay Marie Icard Crowder ("Petitioner") and Respondent married on 12 May 2009 and separated on 7 November 2011. The juvenile, M.J.C.J., was born of the marriage in 2010. The parties divorced and Petitioner remarried. An order entered 5 November 2012, which granted Petitioner sole custody of the juvenile, allowed Respondent supervised visitation, and ordered him to pay child support.

On 20 February 2014, Petitioner filed her petition to terminate Respondent's parental rights. At the close of the 6 November 2014 trial, the court found grounds existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(4) (willful failure to support) and (7) (willful abandonment) and terminated Respondent's parental rights. Respondent appeals.

Respondent argues the trial court erred by concluding both grounds existed to terminate his parental rights. We agree.

## II. Standard of Review

> On appeal, our standard of review for the termination of parental rights is whether the trial court's findings of fact are based on clear, cogent and convincing evidence and whether the findings support the conclusions of law.
>
> The trial court's 'conclusions of law are reviewable *de novo* on appeal.'

*In re J.S.L.*, 177 N.C. App. 151, 154, 628 S.E.2d 387, 389 (2006) (citations and internal quotation marks omitted).

## III. Issues

## A. Willful Failure to Support

In its order entitled, Adjudication and Disposition Order Terminating Parental Rights, the trial court found

> [t]hat grounds for termination of the Respondent's parental rights exist pursuant to North Carolina General Statutes §7B–1111(a)(4), in that the Respondent failed without

justification for a period of one year or more next preceding the filing of the petition to pay for the care, support, and education of the minor child . . . . .

N.C. Gen. Stat. § 7B-1111(a)(4), permits termination of parental rights if:

[o]ne parent has been awarded custody of the juvenile by judicial decree . . . and the other parent whose parental rights are sought to be terminated has for a period of one year or more next preceding the filing of the petition or motion *willfully failed without justification* to pay for the care, support, and education of the juvenile, as required by said decree or custody agreement.

N.C. Gen. Stat. § 7B–1111(a)(4) (2013) (emphasis added).

In order to terminate a parent's rights pursuant to N.C. Gen. Stat. § 7B–1111(a)(4), the court must find by clear, cogent and convincing evidence that Respondent willfully failed to pay child support. *In re D.R.B.*, 182 N.C. App. 733, 735, 643 S.E.2d 77, 79 (2007). Willfulness "imports knowledge and a stubborn resistance." *In re Matherly*, 149 N.C. App. 452, 455, 562 S.E.2d 15, 18 (2002) (citation omitted). To support a finding of willfulness, evidence must show "a parents' ability, or capacity" to complete the requisite statutory requirement. *Id.* This Court has held the trial court had not "adequately addressed" willfulness with respect to N.C. Gen. Stat. § 7B-1111(2) and (3) where the trial court failed to make "specific findings of fact showing that a minor parent's age-related limitations as to willfulness have been adequately considered." *Id.*

In this case, the trial court made no finding that Respondent's failure to pay support was willful. The trial court found Respondent had not paid any support since the order for support was entered on 6 November 2012. The court found Respondent began incarceration five months later on 27 April 2013. The court found Respondent was not eligible for work release at the time of the hearing, but would become eligible at a later date. The court also found that Respondent successfully completed the GED program and received a certificate of readiness to assist his ability to obtain employment upon his release from prison, while incarcerated.

Notwithstanding these findings and with no other supporting findings, the trial court simply stated "Respondent failed without justification" to pay for the care, support and education of his minor child. "In the absence of a finding of willfulness, the trial court's order does not establish grounds for termination." *In re T.M.H.*, 186 N.C. App. 451, 455, 652 S.E.2d 1, 3 (citations omitted), *disc. review denied*, 362 N.C. 87, 657 S.E.2d 31 (2007). The trial court erred by terminating Respondent's parental rights without the requisite findings of fact under this statutory section.

## B. Willful Abandonment

Petitioner filed her petition to terminate Respondent's rights on 20 February 2014. The trial court's findings show Respondent was incarcerated during the entire six-month statutory period.

This Court held that findings of fact on the issue of willfulness are required for willful abandonment. *In re D.R.B.,* 182 N.C. App. at 738, 643 S.E.2d at 80. This Court also held "[i]ncarceration, standing alone, is neither a sword nor a shield in a termination of parental rights decision." *In re P.L.P.*, 173 N.C. App. 1, 10, 618 S.E.2d 241, 247 (2005) (citation and quotation marks omitted), *aff'd per curiam*, 360 N.C. 360, 625 S.E.2d 779 (2006).

While a parent's imprisonment is relevant to the trial court's determination of whether a statutory ground for termination exists, it is not determinative. *Id.* at 13, 618 S.E.2d at 249.

> Where a respondent has been and continues to be incarcerated, our courts have prohibited termination of parental rights solely on that factor. *Compare In re Shermer*, 156 N.C. App. 281, 290–91, 576 S.E.2d 403, 409–10 (2003) (willfulness not shown under N.C. Gen. Stat. § 7B–1111(a)(2) where the respondent was incarcerated but wrote letters and informed DSS that he did not want his parental rights terminated); *In re Clark*, 151 N.C. App. 286, 565 S.E.2d 245 (termination of parental rights reversed where the father was incarcerated and evidence was insufficient to find that he was unable to care for his child), *disc. rev. denied*, 356 N.C. 302, 570 S.E.2d 501 (2002); *In re Yocum*, 158 N.C. App. 198, 204, 580 S.E.2d 399, 403 (respondent was incarcerated but also did nothing to emotionally or financially support and benefit his children), *aff'd*, 357 N.C. 568, 597 S.E.2d 674 (2003); *In re Williams*, 149 N.C. App. 951, 563 S.E.2d 202 (2002) (father's parental rights were terminated because he was incarcerated and he failed to show filial affection for his child).

*In re D.R.B.,* 182 N.C. App. at 738, 643 S.E.2d at 81.

The trial court made the following findings of fact:

> 11. That the Petitioner refused to allow the minor child to visit the Respondent while he was incarcerated, after the Respondent requested to see the minor child.
>
> . . . .
>
> 19. That the Respondent had tried to send a letter to the minor child in July 2013 and made a telephone call in May of 2013, with the Petitioner informing the Department of Corrections [sic] that she did not wish to have any contact with the Respondent, as that was ordered in her domestic violence case Order.

Petitioner testified Respondent wrote her a letter in the summer of 2013 requesting her to bring M.J.C.J. to visit him in prison. Petitioner failed to respond to Respondent's letter. Instead, she contacted the prison to request Respondent send no further mail to her.

In this letter, Respondent testified he wrote to Petitioner, "my case manager came and got me and told me that if I had any contact with my son or any contact with her address or her phone number that they would have to come put me in segregation, so since then I've had to stop." No other findings were made regarding Respondent's attempts to maintain a relationship with M.J.C.J.

The trial transcript, uncontroverted evidence, and findings of fact demonstrate Respondent expressed a desire to maintain contact with his son, tried to set up mechanisms to do so, and was prohibited from doing so by Petitioner. We hold the

evidence and these findings fail to support a conclusion that Respondent "manifest[ed] a willful determination to forego all parental duties and relinquish all parental claims to the child." *In re Searle*, 82 N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986) (citation omitted).

The trial court found Petitioner "refused to allow [M.J.C.J.] to visit Respondent while he was incarcerated." The trial court erred in concluding Respondent willfully abandoned the juvenile pursuant to N.C. Gen. Stat. § 7B-1111 (a)(7).

## IV.  Conclusion

The trial court erred in concluding grounds existed to terminate Respondent's parental rights pursuant under either N.C. Gen. Stat. § 7B–1111(a)(4) (willful failure to support) and (7) (willful abandonment). The trial court's order terminating Respondent's parental rights is reversed.

Reversed.

Judges GEER and STROUD concur.

Report per Rule 30(e).