HUNTER, JR., Robert N., Judge.
Respondent appeals from an order terminating his parental rights as to his minor child, D.A.W. ("Tina").[1] We vacate the order and remand for further proceedings.
I. Factual and Procedural Background
Petitioner and Respondent married in Pender County, North Carolina on 11 November 2010. Petitioner bore Tina on 24 October 2011. In 2012, Petitioner and Respondent separated. Following the parties' separation, Tina resided with Petitioner.
On 16 April 2012, Petitioner obtained a domestic violence protective order ("DVPO") against Respondent. The DVPO barred Respondent from having contact with Petitioner or Tina. Additionally, the trial court found in the DVPO Respondent "testified under oath that he requests no visitation with [Tina] and hopes his parental rights will be terminated." Petitioner did not renew the DVPO, and it expired in April 2013.
On 6 March 2013, Respondent signed a voluntary support agreement in Pender County District Court "agree[ing] to provide health insurance coverage for [Tina] when it is available at a reasonable cost." The agreement defined "reasonable cost" as "employment related or other group health insurance" and included a stipulation that such "[h]ealth insurance coverage is not available at this time."
Respondent moved to Connecticut in April 2013. In September 2013, Respondent returned to North Carolina for one week to reconcile with Petitioner. When the reconciliation proved unsuccessful, Respondent returned to Connecticut. The parties divorced on 2 June 2014. Also in June 2014, Respondent remarried.
On 13 March 2015, Petitioner filed a petition to terminate Respondent's parental rights. The petition alleged Respondent willfully failed to provide support for Tina, as provided in the voluntary support agreement, and willfully abandoned Tina. See N.C. Gen. Stat. § 7B-1111(a)(4), (7) (2015). Soon after the petition was filed, Respondent and his wife relocated to North Carolina. Respondent filed a response to the petition on 22 April 2015 and moved for the appointment of a guardian ad litem ("GAL") for Tina. Following a pretrial hearing, the trial court entered an order appointing Tina's GAL on 23 October 2015.
On 4 April 2016, the trial court held a termination of parental rights hearing. After receiving the evidence and arguments of the parties, the court orally found Respondent willfully abandoned Tina for the six months immediately preceding Petitioner's filing of the petition. See N.C. Gen. Stat. § 7B-1111(a)(7). Additionally, the court orally found it was in Tina's best interest to terminate Respondent's parental rights. On 20 April 2016, the trial court filed an order terminating Respondent's parental rights to Tina. Respondent filed timely notice of appeal on 18 May 2016.
II. Standard of Review
"The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." In re Clark , 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984) (citation omitted). "We then consider, based on the grounds found for termination, whether the trial court abused its discretion in finding termination to be in the best interest of the child." In re Shepard , 162 N.C. App. 215, 221-22, 591 S.E.2d 1, 6 (2004) (citation omitted). "An '[a]buse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " In re T.L.H. , 368 N.C. 101, 107, 772 S.E.2d 451, 455 (2015) (quoting State v. Hennis , 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) ).
III. Analysis
First, Respondent contends the trial court erred by failing to make its adjudicatory findings of fact by "clear, cogent, and convincing evidence" as required by N.C. Gen. Stat. § 7B-1109(f). We agree.
"There are two stages to a termination of parental rights proceeding: adjudication, governed by N.C.G.S. § 7B-1109, and disposition, governed by N.C.G.S. § 7B-1110." Child's Hope, LLC v. Doe , 178 N.C. App. 96, 102, 630 S.E.2d 673, 676-77 (2006). At the adjudicatory stage, subsection 7B-1109(f) requires Petitioner to prove "by clear, cogent, and convincing evidence that one or more of the statutory grounds set forth in section 7B-1111 exists." Id. at 102, 630 S.E.2d at 677. "If the trial court concludes that the petitioner has met its burden of proving at least one ground for termination, the trial court proceeds to the dispositional phase and decides whether termination is in the best interests of the child." In re L.A.B. , 178 N.C. App. 295, 299, 631 S.E.2d 61, 64 (2006) (citations omitted).
This Court held in In re Church , 136 N.C. App. 654, 525 S.E.2d 478 (2000) :
Although the termination statute does not specifically require the trial court to affirmatively state in its order terminating parental rights that the allegations of the petition were proved by clear and convincing evidence, without such an affirmative statement[,] the appellate court is unable to determine if the proper standard of proof was utilized.
Id. at 657, 525 S.E.2d at 480. Thus, to ensure the trial court's application of the proper standard, an order terminating parental rights must "indicate the evidentiary standard under which the court made its adjudicatory findings of fact, as required by N.C. Gen. Stat. § 7B-1109(f)." In re D.R.B. , 182 N.C. App. 733, 739, 643 S.E.2d 77, 81 (2007) (citing In re Church , 136 N.C. App. at 657, 525 S.E.2d at 480 ). However, the failure to state the burden of proof in the written order is not always reversible error if the trial court states the appropriate standard of proof in open court. See In re M.D. , 200 N.C. App. 35, 38-39, 682 S.E.2d 780, 783 (2009).
Respondent argues the trial court "committed reversible error by failing to state affirmatively that its findings in adjudication were based on the required standard of proof." Petitioner argues the trial court's references to specific statutes are sufficient to declare the applicable standard of proof.
Here, the trial court's order is silent regarding the evidentiary standard upon which it based its adjudicatory findings. Likewise, the hearing transcript lacks any statement by the trial court regarding the standard of proof it applied in adjudicating the existence of grounds to terminate Respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(7). In re M.D. , 200 N.C. App. at 38-39, 682 S.E.2d at 783.
Accordingly, we vacate the termination order and remand "for entry of a proper order containing the necessary findings of fact supported by evidence meeting petitioner['s] burden of proof which in turn support the trial court's conclusions of law." In re D.R.B. , 182 N.C. App. at 739, 643 S.E.2d at 81 (citing Heath v. Heath , 132 N.C. App. 36, 38, 509 S.E.2d 804, 805 (1999) ). The trial court may receive additional evidence on remand. Id. at 739, 643 S.E.2d at 81.
Since we vacate and remand based on this assignment of error, we decline to address Respondent's remaining assignments of error.
IV. Conclusion
For the foregoing reasons, we vacate the trial court's order and remand for further proceedings consistent with this opinion.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges DILLON and DIETZ concur.

The parties agreed to use this pseudonym to protect the identity of the juvenile.