IN THE SUPREME COURT OF NORTH CAROLINA

No. 87A20

Filed 20 November 2020

IN THE MATTER OF: R.L.O., L.P.O., and C.M.O.

Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from an order entered on 20 December 2019 by Judge Christine Underwood in District Court, Iredell County. This matter was calendared for argument in the Supreme Court on 7 October 2020 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Lauren Vaughan for petitioner-appellee Iredell County Department of Social Services.*

*Matthew D. Wunsche, GAL Appellate Counsel, for appellee Guardian ad Litem.*

*Christopher M. Watford, for respondent-appellant father.*

EARLS, Justice.

Respondent-Father appeals from an order terminating his parental rights to his minor children, R.L.O. (Ron), L.P.O. (Larry), and C.M.O. (Cathy).[1] Having successfully appealed an earlier order that was vacated and remanded by the Court of Appeals, respondent's central argument before this Court is that the trial court failed to hear new evidence on remand and therefore could not make appropriate

---

[1] Pseudonyms are used in this opinion to protect the children's identities and for ease of reading.

findings of fact to justify the termination of his parental rights on grounds of neglect, pursuant to N.C.G.S. § 7B-1111(a)(1). However, on remand, respondent stipulated that the trial court could proceed without receiving new evidence. While that does not relieve the trial court of the responsibility to determine whether the petitioner has presented "clear, cogent, and convincing" evidence of the grounds for termination, *see* N.C.G.S. § 7B-1109(f) (2019) ("The burden in such proceedings shall be upon the petitioner or movant and all findings of fact shall be based on clear, cogent, and convincing evidence."), the stipulation is binding here as well and does prevent respondent from raising the trial court's failure to hear new evidence as a reason for this Court to reverse its order. The trial court's supplemental findings of fact establish a pattern of neglect by respondent and a course of conduct from which it was reasonable to conclude that his neglect of the children would continue in the future. Therefore we affirm the trial court's order.

### A. Factual and Procedural Background

The Iredell County Department of Social Services (DSS) obtained non secure custody of the children and filed juvenile petitions alleging that they were neglected and dependent juveniles on 3 July 2017.[2] On 4 October 2017, prior to the hearing of the juvenile petition filed by DSS, the guardian *ad litem* (GAL) for the children filed

---

[2] The Court of Appeals' opinion in this case includes a detailed discussion of the underlying facts surrounding the filing of the juvenile petitions which will not be repeated here. *See In re R.L.O.*, No. COA18-593, 2018 WL 6613855 (N.C. Ct. App. Dec. 18, 2018) (unpublished).

a petition seeking to terminate the parental rights of respondent and the children's mother. The GAL alleged that grounds existed to terminate their parental rights based on abuse, neglect, and the commission of a felony assault resulting in serious bodily injury to another child who lived in the home. *See* N.C.G.S. § 7B-1111(a)(1), (8) (2019). The trial court consolidated the proceedings for hearing and entered orders in the matters on 5 April 2018. The trial court adjudicated the children to be neglected and dependent juveniles but concluded the entry of a disposition in the juvenile matter was "moot" because it also entered an order terminating parental rights. The trial court found the existence of all three grounds alleged in the petition to terminate the parental rights of respondent and the children's mother and concluded that termination of parental rights was in the children's best interests. Respondent and the children's mother appealed to the North Carolina Court of Appeals.

The Court of Appeals affirmed the order adjudicating the children to be neglected and dependent juveniles but vacated the trial court's determination that the disposition was moot and remanded for entry of a disposition order. *In re R.L.O.*, No. COA18-593, 2018 WL 6613855, at *14 (N.C. Ct. App. Dec. 18, 2018) (unpublished). The Court of Appeals also affirmed the orders terminating the parental rights of the children's mother. *Id.* As to respondent, the Court of Appeals held that the trial court erred in concluding that respondent committed a felony assault resulting in serious bodily injury to another child who lived in the home pursuant to N.C.G.S. § 7B-1111(a)(8) because there was insufficient evidence. *Id.* at

*10. The Court of Appeals further concluded that the trial court erred by ruling that grounds existed pursuant to N.C.G.S. § 7B-1111(a)(1) to terminate respondent's parental rights because the trial court failed to make findings demonstrating abuse or neglect at the time of the termination hearing or that there was a probability of a repetition of abuse or neglect if the children were returned to respondent's care. *Id.* at *12–13. Accordingly, the Court of Appeals vacated the order terminating respondent's parental rights and remanded for additional findings on whether there was a probability of repetition of neglect. *Id.* at *11–14. In remanding the matter, the Court of Appeals explicitly stated that whether to receive additional evidence on remand was in the trial court's discretion. *Id.* at *14.

On remand, the trial court did not receive additional evidence and entered new adjudication and disposition orders terminating respondent's parental rights on 20 December 2019 based on "a review of the record[ ] and . . . without consideration of new evidence." The trial court did make additional findings of fact, again found the existence of all three grounds alleged in the petition, and concluded that termination of respondent's parental rights was in the children's best interests. Respondent appeals.

### B. *Legal Analysis*

The legal standards applicable to this case are well established. "Our Juvenile Code provides for a two-step process for termination of parental rights proceedings consisting of an adjudicatory stage and a dispositional stage." *In re Z.A.M.*, 374 N.C.

88, 94 (2020) (citing N.C.G.S. §§ 7B-1109, -1110 (2019)). "At the adjudicatory stage, the petitioner bears the burden of proving by 'clear, cogent, and convincing evidence' the existence of one or more grounds for termination under section 7B-1111(a) of the General Statutes." *In re A.U.D.*, 373 N.C. 3, 5–6 (2019) (quoting N.C.G.S. § 7B-1109(f) (2017)). We review a trial court's adjudication of grounds to terminate parental rights "to determine whether the findings are supported by clear, cogent and convincing evidence and the findings support the conclusions of law." *In re E.H.P.*, 372 N.C. 388, 392 (2019) (quoting *In re Montgomery*, 311 N.C. 101, 111 (1984)). "Unchallenged findings of fact made at the adjudicatory stage are binding on appeal." *In re Z.V.A.*, 373 N.C. 207, 211 (2019) (citing *Koufman v. Koufman*, 330 N.C. 93, 97 (1991)). Whether or not to receive additional evidence on remand is a determination within the trial court's discretion so long as the reviewing court's mandate does not specify otherwise. *See In re S.M.M.,* 374 N.C. 911, 914 (2020) (holding that when the Court of Appeals is silent as to whether the trial court should take new evidence on remand, that decision is left to the trial court's discretion).

Additionally, "[a] trial court's finding of fact that is supported by clear, cogent, and convincing evidence is deemed conclusive even if the record contains evidence that would support a contrary finding." *In re B.O.A.*, 372 N.C. 372, 379 (2019) (citing *In re Moore*, 306 N.C. 394, 403−04 (1982)). "The trial court's conclusions of law are reviewable de novo on appeal." *In re C.B.C.*, 373 N.C. 16, 19 (2019).

With regard to respondent's appeal, the Court of Appeals' instructions for the trial court on remand were clear:

> On remand, the trial court must consider the evidence of a probability of a repetition of neglect by respondent-father in light of a parent's right to reunification efforts when a child is placed in DSS custody following an initial adjudication of abuse, neglect, or dependency and the limited grounds upon which the trial court is authorized to forgo such efforts under N.C. Gen. Stat. § 7B-901(c). The court may receive additional evidence as it deems appropriate. *See In re D.R.B.,* 182 N.C. App. 733, 739, 643 S.E.2d 77, 81 (2007).

*In re R.L.O.*, 2018 WL 6613855, *14. The Court of Appeals explicitly left to the trial court the determination of whether to consider new evidence on the issue of the probability of future neglect by respondent. Respondent contends that the trial court erred by making new findings of fact and entering its new adjudication order without receiving new evidence. However, respondent stipulated that the trial court could enter an order on remand without receiving new evidence.[3] The adjudication and disposition orders on remand both specifically state that "[t]he attorneys stipulated that the Court conduct a review of the record, and to enter this order without consideration of new evidence." Respondent does not dispute the existence of this stipulation, stating in his brief that "[i]n its order following remand, the trial court and the parties who stipulated agreed that the trial court could enter a new order

---

[3] Between the time of the first termination hearing and the hearing on remand, respondent was found guilty of felony child abuse and sentenced to a term of incarceration. Any reopening of the record would have permitted consideration of that fact.

without a hearing and 'without consideration of new evidence.' " Having made that stipulation before the trial court, respondent is bound by it now. Therefore, it was not an abuse of discretion for the trial court to decide not to open the record to receive additional evidence on remand.

Nevertheless, we still must consider respondent's argument that the trial court erred by adjudicating that grounds existed to terminate his parental rights based on neglect pursuant to N.C.G.S. § 7B-1111(a)(1). "[A]n adjudication of any single ground in N.C.G.S. § 7B-1111(a) is sufficient to support a termination of parental rights." *In re E.H.P.*, 372 N.C. at 395.

A trial court may terminate parental rights when it concludes that the parent has neglected the juvenile within the meaning of N.C.G.S. § 7B-101(15). N.C.G.S. § 7B-1111(a)(1). A neglected juvenile is defined, in pertinent part, as a juvenile "whose parent, guardian, custodian, or caretaker does not provide proper care, supervision, or discipline; . . . or who lives in an environment injurious to the juvenile's welfare." N.C.G.S. § 7B-101(15) (2019).

> Termination of parental rights based upon this statutory ground requires a showing of neglect at the time of the termination hearing or, if the child has been separated from the parent for a long period of time, there must be a showing of past neglect and a likelihood of future neglect by the parent.

*In re D.L.W.*, 368 N.C. 835, 843 (2016) (citing *In re Ballard*, 311 N.C. 708, 713–15 (1984)). "When determining whether such future neglect is likely, the district court

must consider evidence of changed circumstances occurring between the period of past neglect and the time of the termination hearing." *In re Z.V.A.*, 373 N.C. at 212 (citing *In re Ballard*, 311 N.C. at 715).

Respondent objects to the findings made by the trial court but does not challenge the trial court's evidentiary basis supporting those findings. Instead, respondent argues that the findings improperly attempt to implicate him in the abuse perpetrated by the mother against the children's sibling. Respondent contends the trial court's findings are irrelevant and apply only to the time before DSS removed the children from his care. He argues the trial court failed to make findings on remand that demonstrated that it considered evidence of changed circumstances and instead relied solely on pre-removal evidence for its conclusions of law. Ultimately, he contends the trial court's findings do not support its conclusion that there is a high likelihood of repetition of neglect should the children be returned to his care, and thus the trial court erred in adjudicating the existence of the ground of neglect. Respondent's arguments are misplaced.

Respondent's failure to challenge the evidentiary basis for the trial court's findings of fact makes them binding on appeal. *In re Z.V.A.*, 373 N.C. at 211. The trial court's findings establish that the children were removed from respondent's home on 3 July 2017 and subsequently adjudicated to be neglected juveniles. The children's mother was suffering from postpartum depression after the birth of Cathy and was not fit to care for them. Respondent knew the mother was incapable of providing for

their care, yet he regularly left her to care for the children without providing her assistance or ensuring that she was receiving proper treatment for her mental health issues. The trial court found respondent willfully failed to ensure the children were properly cared for and placed them at a substantial risk of harm by other than accidental means when he left them in their mother's care. Their home was in poor condition, with "scraps of food, insects, and trash in the home," and "[o]utside of the home, there was a copious amount of trash, including tires and scrap metal." During one visit by a social worker, the home had a non-functioning toilet that was clogged with human waste and toilet paper; there were bags of trash inside the home, some of which were torn; the kitchen was dirty; clothes were strewn about the house; some of the rooms could not be accessed due to the clutter found therein. The social worker described the home at times as appearing to have been "ransacked." Respondent was responsible for keeping the home in a habitable condition but failed to do so and did not ensure the children were properly cared for.

Respondent also entered into a safety agreement with DSS and moved with the children to temporarily reside with a family friend. Shortly thereafter, however, he returned with the children to the home and left them in their mother's unsupervised care knowing she had not received treatment for her mental health issues and that she was not a proper caregiver for them. The trial court found that respondent failed to comply with the safety agreement and placed the children at substantial risk of harm by other than accidental means.

DSS identified problems in the home, discussed the problems with respondent, and offered him services to alleviate the problems. DSS made a referral for day care to assist respondent and the children's mother, in part to alleviate pressures on the mother, but respondent and the mother failed to properly follow up with that offered assistance. DSS also recommended services to assist with the following: (1) therapy for the children's sibling; (2) the mother's mental health; (3) improper supervision of the children; (4) "domestic discord"; and (5) lack of transportation. Nonetheless, respondent and the mother failed to take advantage of the services and address the problems.

The trial court also made detailed findings about the mother's child abuse which showed that respondent had to have been aware of the abuse and did nothing to either protect his children or seek medical treatment for the abused child. The trial court's findings demonstrate that respondent and the mother did not provide proper care for the children. Among the findings found by the trial court were that (1) respondent and the mother failed to seek proper treatment for diaper rashes; (2) respondent and the mother allowed the children to become extremely dirty with ants in their hair and mouse feces in their diapers; (3) the children suffered from numerous insect bites; and (4) Larry had a bruise on his arm consistent with a human bite mark. The lack of care continued up until DSS obtained custody of the children. Police officers and social workers found Larry in his bed with roaches and ants, his clothing so dirty it was sticking to his skin, roaches running around the house, the house

uninhabitable and smelling of human feces, and the house full of trash and personal belongings strewn about making it difficult to walk inside. Ron also suffered from a speech delay for which respondent and the mother failed to seek treatment. The parents had been arrested and remained in custody through the hearings on charges for felony child abuse. Based on these findings, the trial court concluded respondent had neglected the children, and there was a high probability the neglect would reoccur if the children were returned to his care and custody.

Respondent argues the trial court based its entire conclusion on findings of fact regarding events that occurred prior to the children's removal from the home by DSS. Respondent concedes there was evidence to support prior neglect but argues the trial court made no findings regarding changed circumstances occurring between the period of past neglect and the time of the termination hearing and thus failed to comply with the Court of Appeals' mandate and our law regarding neglect. *See In re Z.V.A.*, 373 N.C. at 212. We disagree.

The mandate from the Court of Appeals was that "the trial court must consider the evidence of a probability of a repetition of neglect by respondent-father." *In re R.L.O.*, 2018 WL 6613855, at *14. The mandate did not require the trial court to make specific findings of fact, and the trial court's new findings on remand establish a probability of repetition of neglect. Moreover, respondent directs this Court to no evidence of changed circumstances from the time the children were removed from his care through the hearing from which the trial court may have made

the findings sought by respondent. "It is not the role of the appellate courts . . . to create an appeal for an appellant," *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402 (2005), and this Court will not presume error where none is shown. *See State v. Williams*, 274 N.C. 328, 333 (1968) ("An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court.").

We hold the trial court's findings on remand, which are binding on this Court, fully support its determination that the ground of neglect existed to terminate respondent's parental rights. Because only one ground is needed to terminate parental rights, we need not address respondent's arguments as to the remaining two grounds found by the trial court. *See In re E.H.P.*, 372 N.C. at 395.

We next address respondent's argument that the trial court abused its discretion when it determined that termination of respondent's parental rights was in the best interests of the children. " 'If a trial court finds one or more grounds to terminate parental rights under N.C.G.S. § 7B-1111(a), it then proceeds to the dispositional stage,' at which it 'determine[s] whether terminating the parent's rights is in the juvenile's best interest.' " *In re I.N.C.*, 374 N.C. 542, 546 (2020) (alteration in original) (first quoting *In re A.U.D.*, 373 N.C. 3, 6 (2019); then quoting N.C.G.S. § 7B-1110(a)). In determining whether termination of parental rights is in the child's best interests,

the court shall consider the following criteria and make written findings regarding the following that are relevant:

(1) The age of the juvenile.

(2) The likelihood of adoption of the juvenile.

(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.

(4) The bond between the juvenile and the parent.

(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.

(6) Any relevant consideration.

N.C.G.S. § 7B-1110(a) (2019). "The trial court's assessment of a juvenile's best interests at the dispositional stage is reviewed solely for abuse of discretion." *In re A.U.D.*, 373 N.C. at 6 (citing *In re D.L.W.*, 368 N.C. 835, 842 (2016)). "[A]buse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 6–7 (alteration in original) (quoting *In re T.L.H.*, 368 N.C. 101, 107 (2015)).

Respondent contends that the trial court abused its discretion when it accepted counsel's stipulation that new evidence need not be considered on remand and by failing to consider the children's current circumstances when making its best interests determination. Certainly the trial court was not restricted from considering new evidence on remand. However, there is nothing in the record suggesting the trial court believed it was bound by the stipulation of trial counsel or that it felt restricted

in any manner from receiving new evidence in this case if such evidence were required. The Court of Appeals specified that, on remand, "[t]he court may receive additional evidence as it deems appropriate" and "the trial court may hear additional evidence in its sound discretion." *In re R.L.O.*, 2018 WL 6613855, at *14. Moreover, respondent has not demonstrated any need for the trial court to receive new evidence in this case beyond his mere speculation, which is insufficient to show that the trial court abused its discretion by not receiving additional evidence on remand. *See In re S.M.M.*, 374 N.C. 911, 915 (2020) ("Mere speculation that some facts may have changed in the eighteen months since the court originally heard the evidence is not sufficient to demonstrate that the trial court abused its discretion in denying respondent's motion to reopen the evidence on remand. Absent any forecast of relevant testimony or other evidence bearing upon the Court's ultimate determination of the child's best interests, the trial court's decision to refrain from reopening the record is entirely consistent with this Court's general admonition that a trial court must always hear any relevant and competent evidence concerning the best interests of the child."). Respondent has not forecast any evidence concerning the children's current circumstances that would have had a bearing on the trial court's determination of the children's best interests. Thus, we conclude respondent has not shown that the trial court abused its discretion by entering its dispositional order without taking new evidence, and we hold this argument is without merit.

Respondent also challenges the trial court's ultimate conclusion that it was in the children's best interests to terminate his parental rights. Respondent contends that the trial court's findings as to the ages of the children are unsupported because they are based on the date of the original termination hearing and not the date of the hearing on remand. However, the trial court's order was based on evidence from the original termination hearing and its analysis of that evidence. Consequently, there is no error.

Respondent additionally argues the trial court's finding that there is a high likelihood the children will be adopted is unsupported in the absence of new evidence of the children's circumstances since the original termination hearing. He presents a similar argument regarding the finding that the children have been placed in the same foster home and have a loving bond with their foster parents who desire to adopt them. Respondent's arguments are speculative, and he has not shown that the trial court abused its discretion by not receiving new evidence on remand. *See In re S.M.M.*, 374 N.C. at 914–15. Additionally, respondent concedes that, as found by the trial court, there was no permanent plan for the children at the time of the hearing. Respondent asserts, however, that the trial court's dispositional finding that adoption would be the most appropriate permanent plan for the children is an expression of preference and not a proper finding of fact. We agree and ignore this portion of the trial court's finding of fact.

The trial court made findings of fact regarding the relevant factors under N.C.G.S. § 7B-1110(a), which are either unchallenged by respondent or supported by competent evidence. The trial court's findings reflect reasoned decision-making and support its conclusion that termination of respondent's parental rights is in the children's best interests. Respondent has not shown that the trial court abused its discretion in so concluding, and we affirm the trial court's orders terminating respondent's parental rights to Ron, Larry, and Cathy.

AFFIRMED.